NATIONAL WEATHER SERVICE
EMPLOYEES ORGANIZATION,
Petitioner

v.

FEDERAL LABOR RELATIONS
AUTHORITY, Respondent.

No. 05–1397.

United States Court of Appeals,
District of Columbia Circuit.

July 17, 2006.

Rehearing En Banc Denied
Dec. 15, 2006.

Richard Joseph Hirn, Law Office of
Richard J. Hirn, Washington, DC, for Peti-
tioner.

William Reed Tobey, Deputy Solicitor,
David Michael Shewchuk, Federal Labor
Relations Authority, Washington, DC, for
Respondent.

Before: HENDERSON, ROGERS and
GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This cause was considered on a petition
for review of an order of the Federal
Labor Relations Authority ("FLRA" or the
"Authority") and was briefed and argued
by the parties. The Court has accorded
the issues full consideration and has deter-
mined that they do not warrant a publish-
ed opinion. See D.C.Cir. Rule 36(b). It is

**ORDERED AND ADJUDGED** that the
petition for review is granted and the case
is remanded to the Authority for further
proceedings.

To help employees dealing with the in-
creased workload caused by the National
Weather Service's decision to switch to a
new computerized weather forecasting sys-
tem, the National Weather Service Em-
ployees Organization (the "Union") pro-
posed that the National Weather Service
("NWS") increase staffing at its Anchor-
age Weather Forecast Office ("WFO").
After the NWS refused to negotiate over
the proposal, the Union petitioned the Au-
thority for review. The Authority dis-
missed the petition for review, holding that
the proposal was not an "appropriate ar-
rangement," and, consequently, not nego-
tiable. See 5 U.S.C. § 7106(b)(3) (requir-

ing that management bargain with union officials over *"appropriate arrangements for employees adversely affected by"* management's exercise of its authority to determine the organization and number of employees) (emphasis added). The Authority reached this decision after concluding that the Union's proposal would interfere with management rights by "leaving the Agency with no discretion as to the numbers and types of staff to assign to the Anchorage WFO." *Nat'l Weather Serv. Employees Org. v. U.S. Dep't of Commerce,* 61 F.L.R.A. No. 46, 243, 2005 WL 2396679 (2005). Because the Authority concluded that this burden on management "outweighs any benefit [the proposal would have had for] employees," it held that the proposal was not an "appropriate arrangement." *Id.* The Authority did not, however, consider whether the proposal would have hampered the ability of the agency to get its job done in an effective and efficient manner. The Union now petitions this Court for review, arguing, among other things, that the Authority erred by failing to consider this factor.

We agree with the Union. In *American Federation of Government Employees, Local 1923 v. FLRA,* we explained that the determination whether a proposal is an appropriate arrangement "depends primarily on the extent to which the interference [with management rights] hampers the ability of an agency to perform its core functions—to get its work done in an efficient and effective way." 819 F.2d 306, 308–09 (D.C.Cir.1987). Thus, assuming the proposal is an "arrangement"—which neither side disputes is the case here—"if implementation of [the] proposal will directly interfere with substantive managerial rights, *but will not significantly hamper the ability of an agency to get its job done,* the proposal ... is negotiable ... as an appropriate arrangement." *Id.* at 309 (emphasis added). Put another way, the "question ... whether [a] proposed ar-

rangement is appropriate within the meaning of § 7106(b)" *"demands* that we examine the extent to which implementation of the proposed arrangement would hamper the ability of the agency to perform its work in an efficient and effective manner." *Id.* at 310 (emphasis added). The Authority did not make this examination here. We must therefore grant the petition for review and remand to the Authority so that it can consider to what extent "implementation of the [Union's proposal] would hamper the ability of the [NWS] to perform its work in an efficient and effective manner." *See id.*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.